IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>STEVAUGHNO BROWN,<br><br>      Defendant. | Case No. 19-20015-JAR |

**MEMORANDUM AND ORDER**

Defendant Stevaughno Brown was sentenced to a 48-month term of imprisonment and a three-year term of supervised release for a felon in possession of firearm offense. This matter is before the Court on his Motion to Terminate Supervised Release (Doc. 102). The government opposes Defendant's motion.[1] The United States Probation Office ("USPO") supports the motion. For the reasons explained below, the Court grants Defendant's motion for early termination of supervised release.

**I.    Background**

In 2021, Defendant pled guilty to one count of being a felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1); he was sentenced to 48 months in prison. After completing this prison term, on October 7, 2022, Defendant began his 36-month term of supervised release. He has now served approximately 28 months out of the 36-month term imposed. According to the USPO, Defendant has performed well on supervision. Other than submitting a diluted urine analysis ("UA") in November 2022, shortly after beginning supervision, Defendant has had no violations or noncompliance issues. He has maintained a

---

[1] Doc. 47.

stable residence and steady employment.  He has good support networks in place, maintaining strong relationships with his family members.  He has worked towards obtaining a GED, taken Moral Reconation Therapy ("MRT") classes, and established and maintained a positive and active role in parenting his young son.

**II.     Discussion**

Defendant seeks early termination of his three-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  In deciding whether to terminate supervised release early, § 3583(e) directs the Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[2]  Whether to grant a motion for early termination rests within the discretion of the Court.[3]

The Judicial Conference recommends that Courts consider two sets of factors under 18 U.S.C. § 3553(e), depending on whether the defendant has been on supervised release for 18 months.[4]  For defendants like Mr. Brown requesting early termination after serving 18 months or more of supervision, a presumption in favor of early termination of supervised release applies if they meet the following criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
> (2) The person presents no identified risk of harm to the public or victim;
> (3) The person is free from any court-reported violations over a 12-month period;

---

[2] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)).

[3] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

[4] Judicial Conference of the United States, Guide to Judiciary Policy, vol. 8, § 360.20(b)–(c) (July 2, 2018).

> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (5) The person is in substantial compliance with all conditions of supervision; and
> (6) The person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.[5]

Defendant meets all six of these criteria and is entitled to the presumption in favor of early termination.

The government opposes the motion based on Defendant's significant criminal history, including a conviction for voluntary manslaughter in 2013, and that he committed the instant offense while on parole for the 2013 conviction. But the Court considered Defendant's criminal history in imposing a three-year term of supervised release, the top of the one to three years recommended by the Sentencing Guideline policy statements. Further, consideration of the factors under § 3553(a) demonstrates that early termination is in the interests of justice.

### A.      Section 3553(a) Factors

While the Court has the authority to terminate supervised release after one year, it must consider certain factors set forth in § 3553(a) before ending supervision: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to provide victim restitution.[6]

---

[5] *United States v. Shaw*, 611 F. Supp. 3d 1170, 1173–74 (D. Colo. 2020) (quoting Guide to Judiciary Policy, vol. 8, § 360.20(c)(1)–(6)).

[6] 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a) factors).

3

The Court finds that the relevant § 3553(a) factors weigh in favor of terminating Defendant's supervised release. The Court certainly gives weight to the nature and circumstances of the offense of conviction—felon in possession of a firearm. This is serious crime, in this case committed by someone with a history of a violent offense.

Defendant's personal history and characteristics weigh in favor of early termination. He committed the aforementioned violent crime when he was a minor. But he has demonstrated since the time of the instant offense a willingness to improve and change. Defendant has matriculated on his GED, and taken course work while in prison and since. He has worked on changing his behavior through the MRT program. He has maintained employment and taken an active role in parenting his young son. Other than one violation, a diluted UA at the beginning of his term of supervision, Defendant has performed well on supervision with no other violations or noncompliance issues. In short, Defendant has made positive steps to reintegrate and become a productive member of society.

The Court also finds that early termination of supervised release achieves adequate deterrence. Specific deterrence has been served by the 28 months of supervised release he has already served with no issues. And Defendant's employment and social progress since he was released from BOP custody incentivize him to avoid future offending conduct. General deterrence is served by rewarding an offender such as this Defendant, who has served 28 of 36 months of his term of supervised release with the kind of commendable reintegration that supervised release is designed to encourage.

B.   **Interests of Justice**

Having considered the § 3553(a) factors, the opinion of the USPO, and the position of the government, the Court is satisfied that terminating supervision is in the interests of justice.

Defendant has shown commendable progress during the 28 months he has been on supervised release.  This conduct, as detailed above, demonstrates that Defendant is prepared and able to transition back into society without the continued support of the USPO's supervision.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Early Termination of Supervised Release (Doc. 102) is **granted**.

**IT IS SO ORDERED.**

Dated: February 20, 2025

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE